UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAI FEUY SAELOR,<br>　　　　　Plaintiff,<br>　　v.<br>NAPA STATE HOSPITAL, et al.,<br>　　　　　Defendants. | Case No. 20-cv-05376-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a detainee at Napa State Hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The second amended complaint was dismissed with leave to amend, and plaintiff has filed a third amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff says that she was harassed and her religious rights were violated. Allegations of verbal harassment and abuse generally do not state a claim under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment).

Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA also includes an express private cause of action that is taken from RFRA: "A person may assert a violation of [RLUIPA] as

2

1  a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42

2  U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c).  For purposes of this provision, "government" includes,

3  inter alia, states, counties, municipalities, their instrumentalities and officers, and "any other

4  person acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A).

5        To establish a free exercise violation, a prisoner must show a defendant burdened the

6  practice of his religion without any justification reasonably related to legitimate penological

7  interests.  *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).  A prisoner is not required

8  to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a

9  viable claim under the Free Exercise Clause.  *Id*. at 884-85.  Rather, the test of whether the

10 prisoner's belief is "sincerely held" and "rooted in religious belief" determines the Free Exercise

11 Clause inquiry.  *Id*. (finding district court impermissibly focused on whether consuming halal meat

12 is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely

13 believed eating kosher meat is consistent with his faith).  The prisoner must show that the religious

14 practice at issue satisfies two criteria:  (1) the proffered belief must be sincerely held and (2) the

15 claim must be rooted in religious belief, not in purely secular philosophical concerns.  *Malik v.*

16 *Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

17       In the second amended complaint, plaintiff alleged claims connected to her religious

18 beliefs.  The allegations were factually lacking, and plaintiff was advised to provide more

19 information and describe how her constitutional rights were violated in a third amended

20 complaint.

21       The third amended complaint has not improved the situation.  It mentions an incident

22 involving a haircut but does not say how that might relate to plaintiff's Buddhist beliefs.  Plaintiff

23 also says she is a Jehovah's Witness, in addition to embracing Buddhism, and that an unnamed

24 defendant would not let her bring a camera into Jehovah's Witness services.  How this is

25 connected to plaintiff's religious practices is not stated, and it is not at all clear to the Court that it

26 plausibly does.

27       After several opportunities to amend the complaint, plaintiff has not been able to plausibly

28 allege a RLUIPA claim.  Consequently, the Court concludes that further amendment would be

futile, and the case is dismissed without prejudice.

## CONCLUSION

1. The complaint is **DISMISSED** without leave to amend for failure to state a claim.

2. The Clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 7, 2022

JAMES DONATO
United States District Judge